UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY SHRONE PERSON,

        Petitioner,

v.

MELISSA ANDREWJESKI,

        Respondent.

Case No. 3:23-cv-5434-BJR-TLF

ORDER TO SHOW CAUSE

This matter comes before the court on petitioner Anthony Shrone Person's application to proceed *in forma pauperis*, and proposed habeas petition pursuant to 28 U.S.C. § 2254. Dkt. 4. The petition has not been served on respondent. Under Rule 4 of the rules governing § 2254 cases, the Court must promptly examine a habeas corpus petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

It appears that the petition – on its face – is subject to dismissal. The Court will provide petitioner the opportunity, by July 7, 2023, to show cause why the federal habeas corpus petition should not be dismissed

BACKGROUND

Petitioner, in custody at the Coyote Ridge Corrections Center, filed a petition for habeas corpus relief on May 12, 2023. Dkt. 1. Four grounds for review are raised: (1) subject matter and personal jurisdiction, Constitutional infringement of his due process

ORDER TO SHOW CAUSE - 1

and equal protection rights, (2) ineffective assistance of counsel and prosecutorial misconduct, (3) fraud, invalid judgment, misconduct of the state's witnesses, law enforcement of favorable evidence towards defense, and (4) violation of police investigation. Dkt. 4-1 at 5-10.

DISCUSSION

Under Rule 4 of the Rules Governing Habeas Corpus Cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

1. Exhaustion

A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel,* 109 F.3d 575, 578 (9th Cir. 1997).


and equal protection rights, (2) ineffective assistance of counsel and prosecutorial misconduct, (3) fraud, invalid judgment, misconduct of the state's witnesses, law enforcement of favorable evidence towards defense, and (4) violation of police investigation. Dkt. 4-1 at 5-10.

DISCUSSION

Under Rule 4 of the Rules Governing Habeas Corpus Cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

1. Exhaustion

A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel,* 109 F.3d 575, 578 (9th Cir. 1997).

In this case, Petitioner fails to show he has exhausted state court remedies.[1] On the contrary, petitioner states that his petition for review is currently pending review in the Washington State Supreme Court. Dkt. 4-1 at 2. Further, the attachments to the petition confirm the petition for review is awaiting consideration by that Court. *Id*. at 33. *See* 28 U.S.C. § 2254(b)(1).

Therefore, the Court orders petitioner to show cause why his petition is cognizable for federal habeas review and should not be dismissed without prejudice.

## CONCLUSION

Based on the foregoing discussion, the Court finds that the claims raised in this petition appear to be unexhausted, and if they are unexhausted the Court should dismiss without prejudice. The Court **orders petitioner to show cause** in writing on or before July 7, 2023 why the petition should not be dismissed for failure to exhaust state remedies.

Dated this 7th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Petitioner states that he did not exhaust his state remedies because "the State of Washington has divested itself of competent jurisdiction." *Id*. at 5. However, this Court should refrain from reviewing any federal habeas claims that have not been presented and exhausted in the state courts. 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant."