1
2
3
4
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6   ANTHONY SHRONE PERSON,
7                              Petitioner,          Case No. 3:23-cv-5434-BJR-TLF

8           v.                                      ORDER

9   MELISSA ANDREWJESKI,

10                             Respondent.

11          This matter comes before the Court on petitioner's third motion to appoint

12   counsel (Dkt. 51), second motion to expand the record (Dkt. 52), motion for

13   reconsideration on petitioner's motion to commence criminal proceedings (Dkt. 53), and

14   third motion to compel evidence (Dkt. 57). Respondent has responded to petitioner's

15   motion to expand the record and petitioner's motion to compel. Dkts. 54, 59.

16          Petitioner's cursive writing style makes it difficult to discern the handwritten

17   portions of his motions. Petitioner is directed to print or type any future filings. The Court

18   has already informed petitioner that his motions are premature because an answer has

19   not yet been filed in this case. *See* Dkt. 48. After a review of the relevant record it

20   appears that the motions remain premature and are denied.

21      **1. Motion to appoint counsel**

22          The Court previously denied petitioner's motion for an appointment of counsel

23   because an answer had not yet been filed; therefore it was unclear if complex legal or

24
25

ORDER - 1

1  factual issues exist that would potentially warrant appointment of counsel. Dkt. 48; *See*

2  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In petitioner's most recent motion

3  he states that Coyote Ridge Correction Center's policy restricts prisoners from keeping

4  their legal documents. Dkt. 51 at 2. While the Court is sympathetic to the difficulties of

5  litigating from prison, this reason does not address the lack of complex legal or factual

6  issues or the fact that an answer has not yet been filed; therefore this motion is

7  DENIED.

8      **2. Motion to expand the record**

9          Petitioner requests the Court to expand the record to include CIV-23-695-HE, a

10  case that is apparently currently pending in the U.S. District Court for the Western

11  District of Oklahoma. Dkt. 52 at 2. Respondent opposes the motion as premature. Dkt.

12  54. Because the answer has not yet been filed, it is not clear whether the information

13  petitioner seeks to add to the record will be necessary. Therefore the motion is DENIED

14  as premature.

15      **3. Reconsideration on motion to commence criminal proceedings**

16          Petitioner requests the Court to reconsider its order denying petitioner's motion to

17  commence criminal proceedings as premature and appears to request the Court to

18  "stay and abey" this motion and petitioner's motion to compel until an answer has been

19  filed, on October 6, 2023. Dkt. 53 at 1-2. Additionally, petitioner requests a designation

20  of record of case number 1:23-cv-856, a case that is apparently pending in the United

21  States District Court for the Western District of Michigan. *Id*. at 2. A private citizen lacks

22  authority to initiate a prosecution, which can only be initiated in federal court by a United

23  States Attorney. *Rhodes v. Robinson*, 399 F.App'x 160, 165 (9th Cir. 2010) (citing

24

25

1   *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964)). Therefore, petitioner's motion is

2   DENIED.

3   **4. Motion to compel evidence**

4       Petitioner lists twelve entities that he requests the Court to compel evidence

5   from. Dkt. 57 at 3-5. Respondent argues that petitioner has not shown good cause for

6   discovery. Dkt. 59.

7       "[T]here is no general right to discovery in habeas proceedings." *Rich v.*

8   *Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999).  A judge may authorize discovery with a

9   showing of good cause. *Id*.; Rules Governing Section 2254 Cases, Rule 6(a), 28 U.S.C.

10  foll. § 2254. To show good cause, the petitioner must set forth specific facts showing

11  that discovery is appropriate. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994)

12  (citing *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987))

13      Petitioner has not shown good cause and his motion is at best premature as

14  respondent has not yet filed an answer in this case. Furthermore, before filing a motion

15  to compel discovery, Fed. R. Civ. P. 37 and LCR 37(a)(1) require the moving party to

16  meet and confer with the party failing to make disclosure or discovery in an effort to

17  resolve the dispute without court action. The meeting must be either face-to-face or via

18  telephone. LCR 37(a)(1).

19      Therefore, petitioner's motion is DENIED for failure to show good cause.

20                                  CONCLUSION

21      Petitioner's motions are DENIED, for the reasons stated above. Petitioner

22  continues to file numerous motions in this case; the Court has informed him on

23  numerous occasions that it will not be able to consider these motions until an answer

24

25

ORDER - 3

has been filed and the Court is able to determine the legal and factual issues involved and determine whether an evidentiary hearing is required, or any necessary evidence is missing from the record. As such, petitioner should refrain from filing unnecessary, unwarranted, repetitive, or premature motions.

Dated this 20th day of September, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4