UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY SHRONE PERSON,

    Petitioner,

v.

MELISSA ANDREWJESKI,

    Respondent.

Case No. 3:23-cv-5434-BJR-TLF

ORDER DENYING PETITIONER'S MOTIONS, DKT. 62, 70, 71, 85 AND 86.

This matter comes before the Court on petitioner's motion to accelerate probable cause determination (Dkt. 62), motion for expansion of the record, newly discovered evidence, and probable cause determination (Dkt. 70), petitioner's motion for reconsideration (Dkt. 71), motion to appoint counsel (Dkt. 85), and motion for issuance of summons (Dkt. 86). The respondent previously responded to petitioner's August 18, 2023, motion to expand the record (Dkt. 52, 54). For the reasons explained below petitioner's motions are DENIED.

**A. Motion for Reconsideration**

On September 20, 2023, the Court denied petitioner's motion to compel, motion to expand the record, reconsideration on motion to commence criminal proceedings, and motion to compel evidence. Dkt. 62. Petitioner filed a motion for reconsideration shortly thereafter. Dkt. 71. Petitioner's arguments relate only to the motion to commence criminal proceedings. Dkt. 71.

Because petitioner has not established that the Court committed manifest error – or presented new facts that could not have been presented earlier and would lead to a different result – the motion is denied.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Petitioner does not address the order for which he seeks reconsideration; instead, he submits another motion to expand the record (Dkt. 70), and presents assertions related to his state court criminal case. In the prior order, the Court denied petitioner's motion because a private citizen lacks authority to initiate a prosecution, which can only be initiated in federal court by a United States Attorney. *Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964)). *See* Dkt. 61 at 2-3.

Petitioner does not present any relevant law and does not show manifest error in the Court's prior ruling. The facts that petitioner presents do not change the Court's ruling, as petitioner is still a private citizen and cannot initiate a prosecution. The motion to expand the record (Dkt. 70) is DENIED as duplicative; and the motion for reconsideration (Dkt. 71) is DENIED as frivolous.

ORDER DENYING PETITIONER'S MOTIONS, DKT. 62,
70, 71, 85 AND 86. - 2

### B. Motion to Accelerate Probable Cause Determination and Motion for Issuance of Summons

In his motion to accelerate probable cause determination and his motion for issuance of summons petitioner asks the Court to hold a probable cause determination, citing the Fourth and Sixth Amendments to the Constitution. Dkts. 62, 86. The matter before the Court does not pertain to federal criminal charges. In the federal habeas corpus petition, petitioner challenges the state court proceedings, claiming he is innocent, and he was unfairly prosecuted. Dkt. 19, at 25. The State has responded to these allegations. Dkt. 68, Respondent's Answer and Memorandum of Authorities, at 15-28.

Therefore, Petitioner's motion to accelerate probable cause determination (Dkt. 62) is DENIED.

### C. Motion for Appointment of Counsel and Evidentiary Hearing

Petitioner's motion for appointment of counsel and evidentiary hearing argues that the records in his case show that he is innocent. Dkt. 85.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. See *Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. See *Id*., 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

This matter does not present exceptional circumstances supporting the appointment of counsel. The issues here are not unusually complex, and petitioner has effectively articulated his grounds for relief in the petition. Finally, the Court has not determined that an evidentiary hearing is required. The Court finds that petitioner has not shown that appointment of counsel is appropriate at this time. Accordingly, the petitioner's motion for appointment of counsel (Dkt. 85) is DENIED.

Dated this 1st day of December, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge