UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY SHRONE PERSON,
Petitioner,

v.

MELISSA ANDREWJESKI,
Respondent.

No. 23-cv-5434-BJR

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION**

I.     **INTRODUCTION AND BACKGROUND**

This matter comes before the Court on the Report and Recommendation (R&R) of U.S. Magistrate Judge Theresa L. Fricke, recommending denial of the 28 U.S.C. § 2254 petition of Anthony Person ("Petitioner"), denial of Petitioner's request for an evidentiary hearing, and denial of a Certificate of Appealability. Petitioner is currently incarcerated at Coyote Ridge Corrections Center in Connell, Washington, having been convicted of 18 counts of sex offenses against his daughters, O.P. and M.P., and against A.A., the daughter of his former spouse. The Court, having reviewed the Petition, the Response of Respondent Melissa Andrewjeski, the R&R, and Petitioner's Objections thereto, finds and rules as follows.

ORDER ADOPTING R&R AND
DENYING PETITION - 1

The 26-page R&R contains a thorough review of the facts and procedural history of this case, which the Court will not repeat here. *See* R&R at 2-8. In sum, in 2020 Petitioner was charged with multiple counts of sexual assault, child molestation, and incest involving his minor children. Petitioner chose to represent himself at trial and was appointed standby counsel, and a jury ultimately found Petitioner guilty on all counts. Petitioner filed an appeal, and his conviction was affirmed. He also filed in state court two personal restraint petitions, both of which were denied, which raised the claims made herein. Respondent acknowledges that Petitioner has exhausted his state court remedies as to the claims raised herein.

## II.     DISCUSSION

**A.  Standard of Review Under 28 U.S.C. § 2254**

As the R&R notes, a habeas corpus petition filed under 28 U.S.C. § 2254 "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Federal courts review a habeas petition under a "highly deferential standard," and the state court decision must be "more than incorrect or erroneous"; it must be an "objectively unreasonable" application of "clearly established law." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). In other words, " a state prisoner must show that the state court's ruling on the claim being presented was so lacking in justification that there was an error well understood and comprehended

in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

In reviewing the R&R, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, a district court is free to adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**B. Petitioner's Claims**

The R&R analyzes each of Petitioner's claims, which the Petition presents as "(1) 'Subject Matter' and 'Personal Jurisdiction' U.S. Constitutional infringement—Due Process, Equal Protection, Right to Remain Silent; (2) Ineffective Assistance of Counsel and Prosecutor Misconduct; (3) Fraud, Invalid Judgment/ Sentence, Misconduct of the State's Witnesses, Law Enforcement Expungement of a favorable evidence toward defendant; and (4) Violation of Police Investigation/Petitioner resided outside the State of Washington during charging information — Violation of 'Due Process/Equal Protection.'" R&R at 2, citing Dkt. 19, Petition for Habeas Corpus.

The R&R addresses each of the grounds Petitioner raised separately, finding as to each that Petitioner had failed to meet his significant burden of demonstrating the state courts' rejection of his claims was based on either an "unreasonable application of clearly established Federal law," or on "an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254. As to Ground (1), Petitioner's challenge to jurisdiction of the State of Washington over his criminal proceedings, the R&R concluded that "[t]his claim is frivolous. Mr. Person was charged with

ORDER ADOPTING R&R AND
DENYING PETITION - 3

criminal offences that all occurred within Washington State." R&R at 11 (citing Judgment and Sentence, Warrant of Commitment, Mason County Case No. 20-1-00147-23 (August 17, 2021)). The Petitioner's Objections fail to address, let alone negate, this reasonable conclusion, which the Court therefore adopts.

The R&R also concludes that Ground (2)—Ineffective Assistance of Counsel—was frivolous, as Petitioner "waived his right to counsel and decided to represent himself at trial." R&R at 11, 12 (citing *Faretta v. California*, 422 U.S. 806, 835, n. 46 (1975) (defendant who waives the right to counsel cannot then claim ineffective assistance of counsel)). Again, the Objections do not provide the Court with any specific basis for rejecting this conclusion, which the Court therefore adopts.

The R&R also rejects claims of prosecutorial misconduct, which underlie Grounds (2), (3), and (4). The R&R thoroughly, individually, and accurately analyzes the purported *Brady* violation; the claimed violation of Petitioner's right to remain silent; and Petitioner's claim that he was convicted despite an insufficiency of evidence. R&R at 13-24. The R&R concludes as to each claim that the state court had "reasonably applied clearly established federal law." R&R at 13. Petitioner's Objections offer little more than generalized averments that the R&R is "erroneous." Petitioner attempts to relitigate factual and legal issues that were already raised in state criminal proceedings, and rejected by the jury, and also rejected on both direct appeal and by state courts in Petitioner's personal restraint petition proceedings. He does not set forth any specific legal or factual material that establishes that the state courts' rejections of his federal claims were unreasonable, offering little more than repeated claims—made multiple times in previous proceedings—that he is innocent and that witnesses were lying, without any specific information

ORDER ADOPTING R&R AND
DENYING PETITION - 4

or evidence to support these claims. Accordingly, the Court agrees with and adopts the R&R's conclusions as to these claims.

Finally, the Court agrees with the R&R that Petitioner is not entitled to an evidentiary hearing. Whether to hold an evidentiary hearing is committed to the Court's discretion, and a hearing is not required if a petitioner's allegations would not entitle him to relief under §2254(d). *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Petitioner's purported disputes of fact are little more than re-hashed requests for credibility determinations that have already been resolved by a jury, and it is not the province of this Court to second-guess that finder of fact.

### III. CONCLUSION

For the foregoing reasons, the Court, having reviewed the Report and Recommendation, the petition for writ of federal habeas corpus relief and the remaining record, hereby finds and ORDERS:

1. the Report and Recommendation is approved and adopted;

2. petitioner's federal habeas corpus petition is DISMISSED with prejudice;

3. the Court DENIES a certificate of appealability; and

4. the Clerk is directed to send copies of this Order to petitioner, to Magistrate Judge Theresa L. Fricke and to any other party that has appeared in this action.

SO ORDERED. Dated: March 11, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge